IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


RAYMOND SETZKE                                                                    PLAINTIFF

      v.                                        Civil No. 10-5199

JOHNATHAN THREET, Prosecuting
Attorney; TERRA STEPHENSON,
Assistant Prosecuting Attorney;
SHERIFF TIM HELDER; and
DEPUTY STEVE WHITMILL                                                       DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Raymond Setzke, filed this case pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Before me for consideration is the motion to dismiss filed by Separate Defendants Jonathan Threet and Terra Stephenson (Doc. 15).  Plaintiff has not responded to the motion to dismiss.

### 1. Background

According to the allegations of the complaint, on July 16, 2010, Plaintiff was stopped by the police in Illinois.  While he was being detained, it was determined that there was a warrant for his arrest in Washington County, Arkansas.  Plaintiff was taken to the Dupage County Jail and charged with being a fugitive from justice.

Plaintiff asserts the warrant was based on a suspended sentence that had expired a year prior to the issuance of the warrant.  Despite notifying the Washington County Sheriff's Office and the Prosecuting Attorney's Office of this fact, Plaintiff indicates he was extradited to Arkansas.

-1-

Plaintiff asserts the following claims: false arrest; false imprisonment; and malicious prosecution. He maintains that his First, Fourth, Fifth, and Fourteenth Amendment rights were violated.

As a result, Plaintiff alleges he lost his job, his vehicle, his personal property, and was left homeless. He asks for an award of compensatory damages, punitive damages, costs and expenses of this lawsuit, and injunctive relief.

## 2. Discussion

The claims against Jonathan Threet and Terra Stephenson are subject to dismissal. The prosecuting attorneys are immune from suit. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id., 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430. See also Buckley v. Fitzsimmons, 509 U.S. 259 (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the prosecuting attorneys are entitled to absolute immunity. See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, see Pulliam v. Allen, 466 U.S. 522 (1984), a plaintiff must show some

AO72A
(Rev. 8/82)

substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff can make

no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy

under state law exists.  Id., 466 U.S. at 542 & n.22; see also Bonner v. Circuit Court of St. Louis,

526 F.2d 1331, 1336 (8th Cir. 1975).

### 3.  Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 15) filed by Separate

Defendants Jonathan Threet and Terra Stephenson be granted and all claims against them be

dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation**

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact.  The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 20th day of January 2012.


/s/ *Erin L. Setser*
                     HON. ERIN L. SETSER
                     UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)