IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND SETZKE                                                                                    PLAINTIFF

v.                                              Civil No. 10-5199

SHERIFF TIM HELDER; and
DEPUTY STEVE WHITMILL                                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Raymond Setzke, filed this case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is not incarcerated and has since the filing of this lawsuit moved to Portland, Oregon (Doc. 4).

Defendants have now filed a motion to dismiss (Doc. 22). According to the motion, Defendants provided Plaintiff with written notice that his deposition would be taken on March 5, 2012, beginning at 10:00 a.m. at the offices of Rainwater, Holt & Sexton Law Firm located at 3300 Market Street, Suite 118, Rogers, Arkansas. Plaintiff did not appear for deposition and did not contact the Defendants about the deposition. Defendants ask that the case be dismissed based on Plaintiff's failure to appear. Additionally, they ask that Plaintiff be required to pay the reasonable expense, including attorney's fees, caused by the failure.

Plaintiff has not filed a response to the motion to dismiss. On April 16, 2012, an order (Doc. 12) was entered directing Plaintiff to show cause by April 30, 2012, why this action should not be dismissed and Defendants awarded their reasonable expenses in light of Plaintiff's failure to appear at his deposition. Plaintiff has not responded to the show cause order.

I recommend that this case be dismissed based on Plaintiff's failure to obey an order of the Court and failure to prosecute this action. Fed. R. Civ. P. 41(b). Defendants' motion to dismiss

-1-

(Doc. 22) should be granted and the case dismissed with prejudice. Defendants should be directed to submit their costs associated with the aborted deposition.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of May 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)